STEPHEN R. MICK (SBN 131569)
stephen.mick@btlaw.com
SARAH E. JOHNSON (SBN 259504)
sarah.johnston@btlaw.com
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California 90067
Telephone: (310) 284-3880
Facsimile: (310) 284-3894

Attorneys for Plaintiff
HARD CANDY, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARD CANDY, LLC, a Florida limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MADONNA LOUISE CICCONE, an individual, MGHCANDY, LLC, a Delaware company, GUY OSEARY, an individual, and EPIC RIGHTS, INC., a California company, ,<br><br>Defendants. | Case No.  2:15-cv-4696<br><br>**COMPLAINT FOR (1) FEDERAL TRADEMARK INFRINGEMENT; (2) FEDERAL UNFAIR COMPETITION; (3) FEDERAL DILUTION; (4) COMMON LAW TRADEMARK INFRINGEMENT; (5) COMMON LAW UNFAIR COMPETITION; (6) CONTRIBUTORY TRADEMARK INFRINGEMENT; (7) VICARIOUS TRADEMARK INFRINGEMENT; AND (8) DECLARATORY JUDGMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff HARD CANDY, LLC ("Plaintiff" or "Hard Candy, LLC"), by and through its undersigned attorneys, as its Complaint against Defendants, MADONNA LOUISE CICCONE ("Madonna"), MGHCANDY, LLC ("MGH"), GUY OSEARY ("Oseary"), and EPIC RIGHTS, INC. ("Epic"), (collectively "Defendants"), allege as follows:

/ / /

/ / /

**INTRODUCTION**

1.     This is an action for federal and common law direct and secondary trademark infringement; federal and common law unfair competition; dilution arising under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051-1127; and declaratory judgment.

2.     Over the course of nearly two decades, Plaintiff Hard Candy, LLC has worked tirelessly to market, promote, advertise, and sell its products across the fashion and beauty industry.   As a result of these extensive efforts, Hard Candy, LLC's distinctive Hard Candy marks have achieved widespread renown and recognition by the general public.

3.     Described herein, Defendants MGH, Madonna, Oseary, and Epic have engaged directly in infringing activities aimed at depriving Hard Candy, LLC of its statutory rights to use and control use of its exclusive *Hard Candy* Marks; creating a likelihood of confusion, mistake and deception regarding the Hard Candy Marks; and causing irreparable damage to Hard Candy, LLC's goodwill, together with dilution of the value of its trademarks.

4.     Moreover, early discovery in a currently-pending action in the Southern District of Florida styled *Hard Candy, LLC v. Hard Candy Fitness, LLC, et al.*, Case No. 13-cv-23705 (S.D. Fla. 2013) revealed that Defendants Madonna and Oseary, via their member-managed limited liability company, MGH, extensively direct, control, ratify, participate in, and financially benefit from the infringing activity described herein.

5.     All Defendants therefore are directly, vicariously, and contributorily liable for the infringing acts described herein.

**PARTIES**

6.     Plaintiff Hard Candy, LLC is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Hollywood, Florida.

1    7.    MGHCandy, LLC ("MGH") is a Delaware limited liability company

2    with headquarters in Los Angeles, California.  MGH is a 50% owner of non-party

3    Hard Candy Fitness, LLC ("Hard Candy Fitness").[1]

4    8.    Madonna Louise Ciccone ("Madonna") is the Managing Member of

5    MGH.  Upon information and belief, Madonna resides in New York, New York.

6    As the Managing Member of MGH, and as explained further herein, Madonna

7    conducts continuous, systematic, and substantial business within the State of

8    California.  Moreover, explained further herein, Madonna has waived any argument

9    regarding personal jurisdiction within this judicial District.

10    9.    Upon information and belief, Guy Oseary ("Oseary"), is a Member of

11    MGH, holding a 50% or more ownership interest in MGH.  Oseary also is

12    Madonna's business manager.  Upon information and belief, Oseary resides in Los

13    Angeles, California.

14    10.    Upon information and belief, Epic Rights, Inc., ("Epic"), is a

15    California corporation with headquarters in Los Angeles, California.  Upon

16    information and belief, Epic acts as a master licensor for the Hard Candy Fitness

17    mark, and is actively marketing and seeking licensees for the infringing Hard

18    Candy Fitness trademark.

19    **JURISDICTION AND VENUE**

20    11.    This is a civil action for federal and common law trademark

21    infringement; federal and common law unfair competition; dilution arising under

22    the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051-1127; contributory

23    trademark infringement; and declaratory judgment.

24

25    [1] Explained throughout this Complaint, Hard Candy Fitness is a defendant in the

26    lawsuit styled *Hard Candy, LLC v. Hard Candy Fitness, LLC, et al.*, Case No. 13-

27    cv-23705, which is currently pending in the United States District Court for the
     Southern District of Florida.  Thus, Hard Candy Fitness is not named as a defendant

28    in this lawsuit.

1    12.    This Court has subject matter jurisdiction over this action pursuant to

2  15 U.S.C. §§1121; 28 U.S.C. §§1331 and 1338; and pursuant to general principles

3  of ancillary and pendent jurisdiction.

4    13.    This Court has personal jurisdiction over Defendants because each

5  Defendant has had continuous, systematic, and substantial contacts with the State of

6  California, including residing in California; having a place of business within

7  California; and/or conducting business in California.

8    14.    Moreover, Plaintiff previously filed an action styled *Hard Candy, LLC*

9  *v. Hard Candy Fitness, LLC, et al*. (Case No. 13-cv-23705), which is currently

10  pending in the United Stated District Court for the Southern District of Florida.  In

11  that action, as is further discussed herein, Defendants MGH, Madonna, and Oseary

12  specifically requested that Plaintiff's claims against them be transferred to this

13  District, claiming in their pleading that this is "the location where most of the

14  relevant records and witnesses . . . are located."  Therefore, Defendants submit to

15  personal jurisdiction in this District.

16    15.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1)

17  and (2), because all, or most, of the Defendants reside in this District, and because

18  each of the Defendants conducts business in this District.

## FACTUAL ALLEGATIONS

### Plaintiff's Use of the *Hard Candy* Trademark

21    16.    Hard Candy, LLC is a company in the business of manufacturing

22  goods in the fashion and beauty industry primarily for teenage girls and young

23  female adults, including but not limited to cosmetics, fragrances, apparel, and

24  eyeglasses, under the federally registered trademark of *Hard Candy*.  Hard Candy,

25  LLC's products are currently sold in the United States primarily through Wal-Mart

26  retail stores, and on Wal-Mart's website, www.walmart.com.  Hard Candy, LLC

27  maintains an internet website at www.hardcandy.com where Hard Candy's products

28  are displayed with a link to Wal-Mart's website for customers interested in

1   purchasing them.

2       17.    Cosmetics and fragrances were the initial products Plaintiff marketed

3   under the *Hard Candy* marks.  Hard Candy, LLC's predecessor founded the

4   company in 1995 when it created and marketed a *Hard Candy* nail polish.  At that

5   time, Plaintiff's predecessor filed a U.S. trademark application for that product,

6   which matured into Federal Trademark Registration No. 1987262, issued July 16,

7   1996.  The next year, Plaintiff's predecessor filed another application under the

8   name *Hard Candy* for cosmetics, including lipstick, lipliner, mascara, etc., which

9   matured into Federal Trademark Registration No. 2150397.  Plaintiff owns these

10   Registrations and marks, and they are still valid and effective today.

11       18.    Since then, Hard Candy, LLC and its predecessors have adopted and

12   continuously used in interstate commerce the *Hard Candy* trademark or, in certain

13   instances, "HC."

14       19.    Under Plaintiff's control, the Hard Candy brand and marks have

15   flourished and expanded.  In fact, since 1995, Hard Candy, LLC has filed at least 32

16   trademark applications with the U.S. Patent and Trademark Office ("PTO") for the

17   following non-exclusive list of goods: apparel, cosmetics, online retail store

18   featuring clothing apparel and fashion accessories, toilet water, nail polish, hair care

19   products, perfume, cologne, essential oils, eyeglasses, and more.  Hard Candy,

20   LLC's federal trademarks include Registration Nos. 3695602, 1987262, 2150397,

21   2666792, 2666793, 2059480, 2666793, 2343732, 3695602, 4218371, 4143693,

22   4106697, 2552029, 2567186, 2362340, 2819833, 4247789, 4129013, 4128991

23   (Hard Candy, LLC's federal and common law trademarks shall be referred to

24   collectively as "*Hard Candy* Marks").

25       20.    In addition, Plaintiff's predecessor created a Hard Candy internet

26   domain name as early as July 6, 1997 at "http://www.hardcandy.com".  Plaintiff has

27   used this domain name consistently since that time and through the present to sell

28   and advertise Hard Candy products. *See* Registration no. 4247789 (filed March 4,

Barnes &
Thornburg LLP
Attorneys at Law
Los Angeles

5

1    2010).

2         21.    On July 26, 2010, Hard Candy, LLC filed an intent-to-use trademark

3    application with the PTO for the word mark *Hard Candy* and design of a pink heart

4    with a white banner hanging across the middle which features the mark *Hard*

5    *Candy*, for use in International Class 25, clothing. Serial No. 85093032.

6         22.    On August 16, 2013, Plaintiff filed a Request to Divide Application

7    and Statement of Use with the PTO, as certain sub-categories of the application

8    ("underwear, t-shirts, pullovers, tops, bottoms, shorts") were being used in

9    commerce, while others ("headwear, footwear, beachwear, infant wear, [etc.]") had

10   not yet been used in commerce.

11        23.    On September 25, 2013, the PTO issued an Office Action dividing the

12   85093032 application into a "parent (original) application," which retained the

13   original serial number, and a "child application, serial no. 85980194."

14        24.    Plaintiff's *Hard Candy* Marks are incontestable pursuant to 15 U.S.C.

15   § 1115.  In any event, Plaintiff's trademarks are fanciful marks or at least

16   suggestive marks, and as such are inherently distinctive.  Alternatively, there is no

17   question that Hard Candy, LLC's trademarks have acquired a secondary meaning

18   from its continuous use of the trademarks in interstate commerce, and the public's

19   association of the *Hard Candy* name with its business.

20        25.    In early 2009, Plaintiff decided to license its trademarks for various

21   product lines in closely-related fashion and accessory categories, including but not

22   limited to clothing, leather goods, watches, eyeglasses, and bedding.  Therefore, at

23   that time, Plaintiff filed several "intent to use" trademark applications for the

24   aforementioned products with the PTO.

25        26.    On or about August 2009, Plaintiff began selling its products through

26   Wal-Mart Stores across the United States, both at Wal-Mart's retail locations and

27   on Wal-Mart's website, www.walmart.com.

28        27.    *Hard Candy* was an immediate success at Wal-Mart, and Wal-Mart

asked Plaintiff to expand its *Hard Candy* product line to include a full line of fashion-related products under the *Hard Candy* Marks to trade off of the goodwill and fame that the *Hard Candy* name has acquired in the industry and across industries.

28.     Accordingly, Plaintiff planned an extensive launch proposal of *Hard Candy* products at Wal-Mart, including clothing, apparel, furniture, bedding, and more.  Today, Plaintiff has already launched a nationwide line of *Hard Candy* apparel, intimates, eyeglasses, cosmetics, fragrances, cell phone cases and more.

29.     The new product line being launched is entirely within the reasonable zone of expansion from Plaintiff's prior use of the *Hard Candy* Marks.

30.     Through continuous and exclusive use in commerce, and as a result of extensive marketing, promotion, advertising and sales activity, Plaintiff's distinctive *Hard Candy* Marks have achieved widespread renown and recognition by the general public and have become famous marks – prior to Defendants' efforts to register and/or use the *Hard Candy* Marks.

## **Defendants' Infringing Use of the *Hard Candy* Marks**

### *Hard Candy Fitness*

31.     According to publicly available documents, non-party New Evolution Ventures, LLC[2] filed an intent-to-use application (Serial no. 77609312) with the PTO on November 6, 2008 for the use of the mark *Hard Candy Fitness* for "Health club services, namely providing instruction and equipment in the field of physical exercise for health and physical fitness purposes; instruction in the field of health and physical fitness."

---

[2] New Evolution Ventures, LLC is also a defendant in the lawsuit styled *Hard Candy, LLC v. Hard Candy Fitness, LLC, et al.*, Case No. 13-cv-23705, which is currently pending in the United States District Court for the Southern District of Florida.  Thus, New Evolution Ventures, LLC is not named as a defendant in this lawsuit.

Barnes &
Thornburg LLP
Attorneys At Law
Los Angeles

COMPLAINT

32.     New Evolution Ventures, LLC filed a Statement of Use with the PTO where it declared under penalty of perjury that: "The mark is in use in commerce on or in connection with all goods or services listed in the application or Notice of Allowance or as subsequently modified for this specific class. [And,] [t]he mark was first used by the applicant, or the applicant's related company, licensee, or predecessor in interest at least as early as 11/30/2010, and first used in commerce at least as early as 06/30/2011, and is now in use in such commerce."

33.     The purportedly supporting specimen provided by New Evolution Ventures, LLC to the PTO consisted of print outs from the www.hardcandyfitness.com website, allegedly dated September 27, 2011, which shows only that it has opened a fitness center in Mexico City, Mexico. Deceivingly, however, the website menu shows "Club Locations" to include "USA," but, as of this date, New Evolution Ventures has merely announced their intent to open centers in the United States.

34.     Upon information and belief, at the time the Statement of Use was filed, and, still, as of the date of filing this Complaint, no "Hard Candy" branded fitness centers have been opened in the United States.

35.     Thus, upon information and belief, there is no basis for New Evolution Ventures, LLC to claim that it has used the purported mark in commerce in the United States.

### *HC HardCandy Fitness*

36.     According to publicly available documents, New Evolution Ventures, LLC filed an intent-to-use application (Serial no. 85145683) with the PTO on October 5, 2010 for the use of the mark *HC HardCandy Fitness* for "Health club services, namely providing instruction and equipment in the field of physical exercise for health and physical fitness purposes; instruction in the field of health and physical fitness."

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

37.     On October 12, 2011, New Evolution Ventures, LLC filed a Statement of Use with the PTO where it declared under penalty of perjury that it is "using the mark in commerce on or in connection with all goods/services identified above, as evidenced by the attached specimen(s) showing the mark as used in commerce." New Evolution Ventures, LLC also declared that its first use in commerce of this mark was June 30, 2011.

38.     The purportedly supporting specimen provided by New Evolution Ventures, LLC to the PTO consisted of print outs from the www.hardcandyfitness.com website, allegedly dated September 27, 2011, which shows only that it has opened a fitness center in Mexico City, Mexico. Deceivingly, however, the website menu shows "Club Locations" to include "USA," but, as of this date, New Evolution Ventures has merely announced their intent to open centers in the United States.

39.     Upon information and belief, at the time the Statement of Use was filed, and as of the date of the filing of this Complaint, no "HC HardCandy Fitness" branded fitness centers or services, have been opened or offered in the United States.

40.     Thus, upon information and belief, there is no basis for New Evolution Ventures, LLC to claim that it has used the purported mark in commerce in the United States.

41.     Presumably in reliance upon these statements and the specimen provided, the PTO issued a registration for Serial no. 85145683 on January 3, 2012 to New Evolution Ventures, LLC, Registration no. 4081085.

42.     On January 6, 2012, New Evolution Ventures, LLC recorded its assignment of rights to Registration no. 4081085 *inter alia*, to Hard Candy Fitness, LLC.

1

*Hard Candy Fitness* – Apparel

2    43.    According to publicly available documents, Hard Candy Fitness, LLC

3 filed an intent-to-use application (Serial no. 85205355) with the PTO on December

4 23, 2010 for the use of the mark *Hard Candy Fitness* for "Athletic apparel, namely

5 yoga pants, sweatpants, sweatshirts, exercise shorts, exercise pants, tank tops,

6 tights, T-shirts, jerseys, socks, exercise jackets and athletic footwear."

7    44.    On March 28, 2011, the PTO issued an Office Action stating that

8 various prior-filed applications, including for Hard Candy for clothing, prevented

9 the issuance of Hard Candy Fitness, LLC's trademark application.

10    45.    Despite Hard Candy Fitness, LLC's filing a response in opposition to

11 the Office Action, on October 24, 2011 the PTO issued a Suspension Notice.

12    46.    Still, Hard Candy Fitness, LLC has begun to promote Hard Candy

13 Fitness apparel through various means, including the Internet, and has now began to

14 market the license for apparel in the United States through Defendant Epic Rights,

15 Inc.

16

17 **Southern District of Florida Action /**

18 **Transfer to Central District of California**

19    47.    In October 2013, Plaintiff filed a Complaint in the United States

20 District Court for the Southern District of Florida against Hard Candy Fitness, LLC

21 and New Evolution Ventures, LLC for their actual and planned use of the HARD

22 CANDY trademark.  The action was styled *Hard Candy, LLC v. Hard Candy*

23 *Fitness, LLC, et al.*, Case No. 13-cv-23705 (S.D. Fla. 2013), and is currently

24 pending.

25    48.    Early discovery in the Southern District of Florida case revealed that

26 Defendants Madonna and Oseary, via their member-managed limited liability

27 company, MGH, extensively direct, control, ratify, participate in, and financially

28 benefit from the infringing activity described herein, as follows:

a.      On information and belief, MGH, via its sole members Madonna and Oseary, was formed for the purpose of selling Hard Candy Fitness products and/or services via the Internet and/or in traditional brick and mortar locations.

b.      On information and belief, MGH, by and through its sole members Madonna and Oseary, actively participated in all of Hard Candy Fitness's decisions related to the use of the mark "Hard Candy Fitness."

c.      On information and belief, MGH, by and through its sole members Madonna and Oseary, actively participates in all of Hard Candy Fitness's decisions related to aesthetics of the "Hard Candy Fitness" mark and the products associated with it.

d.      As Managing Member of MGH, Madonna herself takes credit for the initial selection and subsequent expansion of the "Hard Candy Fitness" infringing marks.

e.      MGH, Madonna, and Oseary approve and control all aspects of the use of the mark "Hard Candy," including but not limited to the "artistic content," aesthetics, and images related to the use of the mark in the United States and abroad.

f.      Further illustrating this point, in May of 2015, Defendant Epic Rights, Inc. announced a partnership with Madonna, Oseary and New Evolution Ventures "to expand the Hard Candy Fitness brand into retail products." Epic's Dan Levin allegedly stated to Billboard.com that "Madonna and Oseary have been 'very involved' in all aspects of the Hard Candy Fitness brand, 'from the creation of the clubs to the design and implementation of all the categories and products.'" In other words, Madonna and Oseary are in direct control of the instrumentality and means of the infringing marks.

g.      Finally, MGH is a 50% owner of Hard Candy Fitness. Madonna is the Managing Member of MGH.   Upon information and belief, Oseary holds at least a 50% ownership interest in MGH.  Therefore, MGH – and by extension, Madonna and Oseary – stand to directly benefit financially from the success of Hard Candy Fitness.

## **Harm to Plaintiff Hard Candy, LLC**

49.    Defendants' actions have caused and will cause Hard Candy, LLC irreparable harm for which money damages and other legal remedies are inadequate.  Unless Defendants are restrained by this Court, Defendants will continue and/or expand the improper activities alleged in this Complaint and otherwise continue to cause great and irreparable harm and injury to Hard Candy, LLC, through, *inter alia*:

a.      Depriving Hard Candy, LLC of its statutory rights to use and control use of its exclusive *Hard Candy* Marks;

b.      Creating a likelihood of confusion, mistake and deception among consumers and the trade as to the source, sponsorship or affiliation of the infringing services;

c.      Causing the public falsely to associate the Plaintiff and Defendants respective but essentially identical *Hard Candy* Marks;

d.      Causing incalculable and irreparable damage to Hard Candy, LLC's goodwill and dilution of the value of its trademarks.

e.      Accordingly, in addition to other relief sought, Hard Candy, LLC is entitled to preliminary and permanent injunctive relief against Defendant and against all persons acting in concert with it.

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

# FIRST CAUSE OF ACTION

## FEDERAL TRADEMARK INFRINGEMENT

(15 U.S.C. §§ 1114-1117; Lanham Act § 32)

(Against all Defendants)

50.     Hard Candy, LLC realleges and incorporates by reference the allegations of paragraphs 1 through 49, inclusive, as though fully set forth herein.

51.     Without Hard Candy, LLC's consent, Defendants have used the mark *Hard Candy*, to promote fitness DVDs, including by placing the mark on clothing and promotional material, marketed *Hard Candy* branded apparel via social media, and have announced their intent to license the *Hard Candy* (Fitness) mark for all categories, all of which infringes on the *Hard Candy* Marks previously registered and brought to the marketplace by Hard Candy, LLC.

52.     Defendants' infringing marks, *Hard Candy Fitness* and *HC HardCandy Fitness*, are essentially identical to Plaintiff's *Hard Candy* Marks.  The addition of the generic elements "Fitness" does not change the fact that the dominant part of the marks is identical:  *Hard Candy*.

53.     Defendants' infringing marks are likely to cause confusion, mistake, or deception as to its source, affiliation, origin connection, association, or sponsorship.

54.     Further, Defendants' activities are likely to lead the buying public to conclude, incorrectly, that they originate with, are authorized by, or are associated with Plaintiff's *Hard Candy* brand, which Plaintiff has been building since 1995.

55.     As a result of its wrongful conduct, Defendants are liable to Hard Candy, LLC for trademark infringement under 15 U.S.C. § 1114(1).  Hard Candy, LLC has suffered, and will continue to suffer monetary damages, which it is entitled to recover under 15 U.S.C. § 1117(a), including any and all profits Defendants have made as a result of its wrongful conduct, as minimal as they may be.

1    56.    Hard Candy, LLC is also entitled to injunctive relief pursuant to 15

2    U.S.C. § 1116(a), as Hard Candy, LLC has no adequate remedy at law.

3    57.    Hard Candy, LLC is further entitled to recover its attorneys' fees and

4    costs under 15 U.S.C. § 1117.

5    WHEREFORE, Plaintiff requests that this Court enter judgment against

6    Defendants as further set forth in the Prayer for Relief below.

7                    **SECOND CAUSE OF ACTION**

8                    **FEDERAL UNFAIR COMPETITION**

9              (False Designation of Origin and False Description)

10              (15 U.S.C. § 1125(a); Lanham Act § 43(a))

11                    (Against all Defendants)

12    58.    Hard Candy, LLC realleges and incorporates by reference the

13    allegations of paragraphs 1 - 57, inclusive, as though fully set forth herein.

14    59.    Because Hard Candy, LLC advertises, markets, distributes and licenses

15    its products under the *Hard Candy* Marks, those Marks are the means by which

16    Hard Candy, LLC's products are distinguished from those of others in the same or

17    related fields.

18    60.    Defendants' conduct constitutes the improper use of the same term –

19    *Hard Candy* – to describe its infringing goods and/or services.  Plaintiff has spent

20    substantial sums in promotion and has generated substantial revenues in association

21    with its products provided under the *Hard Candy* Marks.  The distinctive *Hard*

22    *Candy* Marks have become impressed upon the minds of the trade and public as

23    identifying Plaintiff's fashion and beauty industry-related products, and as

24    indicating the source of origin of such services provided in association with the

25    *Hard Candy* Marks as emanating from Plaintiff.  Plaintiff has built-up a large and

26    valuable business in the use of the *Hard Candy* Marks, and the reputation and

27    goodwill in the marks is of great value to Plaintiff.

28    61.    As described above, Defendants are using and have used, marketed

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

1   and offered for sale its goods and/or services through the use of the *Hard Candy*

2   Marks with the purpose of misleading, deceiving or confusing customers and the

3   public as to the affiliation, sponsorship, and/or origin of its services and is trading

4   upon Hard Candy, LLC's goodwill and reputation.  Defendants' conduct as

5   described herein also constitutes an attempt to trade on the goodwill that Plaintiff

6   has developed in the *Hard Candy* Marks, all to the damage of Plaintiff.

7       62.    Defendants' conduct, described herein, is likely to cause confusion,

8   mistake or deception by or in the public as to the affiliation, connection,

9   association, origin, sponsorship or approval of the infringing services to the

10  detriment of Hard Candy, LLC and in violation of 15 U.S.C. § 1125(a)(1).

11      63.    Defendants' wrongful conduct is likely to continue unless restrained

12  and enjoined.

13      WHEREFORE, Plaintiff seeks temporary and permanent injunctive relief,

14  damages and treble damages in an amount to be proven at trial, attorneys' fees and

15  costs, disgorgement of any and all gains, profits and advantages derived from

16  Defendants' unlawful activities, and such other relief as the Court deems just and

17  proper, as further set forth in the Prayer for Relief below.

### THIRD CAUSE OF ACTION

### FEDERAL DILUTION

#### (15 U.S.C. § 1125(c); Lanham Act § 43(a))

#### (Against all Defendants)

22      64.    Hard Candy, LLC realleges and incorporates by reference the

23  allegations of paragraphs 1 through 63, inclusive, as though fully set forth herein.

24      65.    The *Hard Candy* Marks are distinctive and famous within the meaning

25  of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c) ("Dilution

26  Act").

27      66.    Defendants' activities as alleged herein constitute dilution of the

28  distinctive quality of the *Hard Candy* Marks in violation of the Dilution Act.

67.     Hard Candy, LLC is entitled to injunctive relief pursuant to 15 U.S.C. § 1125(c).

68.     Defendants have used, advertised, marketed and offered for sale their goods and/or services using the *Hard Candy* name with the purposes of misleading, deceiving or confusing customers and the public as to the affiliation, sponsorship, and/or origin of its services and is trading upon Hard Candy, LLC's goodwill and reputation.

69.     Because Defendants willfully intended to tread on Hard Candy, LLC's reputation or to cause dilution of the *Hard Candy* Marks, Hard Candy, LLC is entitled to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants as further set forth in the Prayer for Relief below.

## FOURTH CAUSE OF ACTION
## COMMON LAW TRADEMARK INFRINGEMENT
(Against all Defendants)

70.     Hard Candy, LLC realleges and incorporates by reference the allegations of paragraphs 1 through 69, inclusive, as though fully set forth herein.

71.     Through its use of the mark *Hard Candy* since 1995 to present, Plaintiff has established common law trademark rights in the mark.

72.     As detailed above, Plaintiff has used the mark in commerce in fashion, apparel, athletic apparel, eyeglasses, online retail, and more.

73.     Without Plaintiff Hard Candy, LLC's consent, Defendants have used the mark *Hard Candy*, to promote its fitness DVDs, including by placing the mark on clothing and promotional material, which infringes on the *Hard Candy* Marks previously brought to the marketplace by Hard Candy, LLC.

74.     Defendants' infringing marks, *Hard Candy Fitness* and *HC HardCandy Fitness*, are essentially identical to Plaintiff's *Hard Candy* Marks.  The

16

1    addition of the generic elements "Fitness" does not change the fact that the

2    dominant part of the marks is identical: *Hard Candy*.

3        75.    Defendants' use of its infringing marks are likely to cause confusion,

4    mistake, or deception as to its source, affiliation, origin connection, association, or

5    sponsorship.

6        76.    Further, Defendants activities are likely to lead the buying public to

7    conclude, incorrectly, that they originate with, are authorized by, or are associated

8    with Plaintiff's *Hard Candy* brand, which Plaintiff has been building since 1995.

9        77.    As a result of its wrongful conduct, Defendants are liable to Hard

10   Candy, LLC for common law trademark infringement.  Hard Candy, LLC has

11   suffered, and will continue to suffer monetary damages, which it is entitled to

12   recover under common law, including any and all profits Defendants have made as

13   a result of its wrongful conduct.

14       WHEREFORE, Plaintiff requests that this Court enter judgment against

15   Defendants as further set forth in the Prayer for Relief below.

### FIFTH CAUSE OF ACTION

### COMMON LAW UNFAIR COMPETITION

18       78.    Hard Candy, LLC realleges and incorporates by reference the

19   allegations of paragraphs 1 through 77, inclusive, as though fully set forth herein.

20       79.    Because Hard Candy, LLC advertises, markets, distributes and licenses

21   its products under the *Hard Candy* Marks, those Marks are the means by which

22   Hard Candy, LLC's products are distinguished from those of others in the same or

23   related fields.

24       80.    Defendants' conduct constitutes the improper use of the same term –

25   *Hard Candy* – to describe its infringing goods and/or services.  Plaintiff has spent

26   substantial sums in promotion and has generated substantial revenues in association

27   with its products provided under the *Hard Candy* Marks.  The distinctive *Hard*

28   *Candy* Marks have become impressed upon the minds of the trade and public as

17

1  identifying Plaintiff's fashion and beauty industry-related products, and as

2  indicating the source of origin of such services provided in association with the

3  *Hard Candy* Marks as emanating from Plaintiff.  Plaintiff has built-up a large and

4  valuable business in the use of the *Hard Candy* Marks, and the reputation and

5  goodwill in the marks is of great value to Plaintiff.

6       81.   As described above, Defendants are using and have used, marketed

7  and offered for sale its goods and/or services through the use of the *Hard Candy*

8  Marks with the purpose of misleading, deceiving or confusing customers and the

9  public as to the affiliation, sponsorship, and/or origin of its services and is trading

10  upon Hard Candy, LLC's goodwill and reputation.  Defendants' conduct as

11  described herein also constitutes an attempt to trade on the goodwill that Plaintiff

12  has developed in the *Hard Candy* Marks, all to the damage of Plaintiff.

13       82.   Defendants' conduct, described herein, is likely to cause confusion,

14  mistake or deception by or in the public as to the affiliation, connection,

15  association, origin, sponsorship or approval of the infringing services to the

16  detriment of Hard Candy, LLC and in violation of the common law of unfair

17  competition.

18       83.   Defendants' wrongful conduct is likely to continue unless restrained

19  and enjoined.

20       WHEREFORE, Plaintiff seeks temporary and permanent injunctive relief,

21  damages and treble damages in an amount to be proven at trial, attorneys' fees and

22  costs, disgorgement of any and all gains, profits and advantages derived from

23  Defendants' unlawful activities, and such other relief as the Court deems just and

24  proper, as further set forth in the Prayer for Relief below.

25

26

27

28

1

## SIXTH CAUSE OF ACTION
## CONTRIBUTORY TRADEMARK INFRINGEMENT
### (Against Defendants Madonna, MGHCandy, LLC and Oseary)

84.   Hard Candy, LLC realleges and incorporates by reference the allegations of paragraphs 1 through 83, inclusive, as though fully set forth herein.

85.   Hard Candy Fitness, LLC infringed on the Hard Candy Marks by using and/or marketing the use of the *Hard Candy Fitness* mark for various products and services including, but not limited to, apparel, fitness centers, bags, shoes, and DVDs.

86.   Defendants Madonna, Oseary, and MGHCandy, LLC ("the Madonna Defendants") encouraged, enabled, contributed, and intentionally induced Hard Candy Fitness, LLC to infringe on Plaintiff's marks for various reasons, including, but not limited to, purporting to assign the infringing mark to Hard Candy Fitness, LLC.

87.   Moreover, the Madonna Defendants exercised control over Hard Candy Fitness, LLC's use of the infringing *Hard Candy* mark.  Indeed, the Madonna Defendants extensively direct, control, ratify, participate in, and financially benefit from the infringing activity described herein, as follows:

a.   On information and belief, MGH, via its sole members Madonna and Oseary, was formed for the purpose of selling Hard Candy Fitness products and/or services via the Internet and/or in traditional brick and mortar locations.

b.   On information and belief, MGH, by and through its sole members Madonna and Oseary, actively participated in all of Hard Candy Fitness's decisions related to the use of the mark "Hard Candy Fitness."

c.   On information and belief, MGH, by and through its sole members Madonna and Oseary, actively participates in all of Hard Candy Fitness's decisions related to aesthetics of the "Hard Candy Fitness" mark

19

1    and the products associated with it.

2           d.      As Managing Member of MGH, Madonna herself takes

3    credit for the initial selection and subsequent expansion of the "Hard Candy

4    Fitness" infringing marks.

5           e.      MGH, Madonna, and Oseary approve and control all

6    aspects of the use of the mark "Hard Candy," including, but not limited to,

7    the "artistic content," aesthetics, and images related to the use of the mark in

8    the United States and abroad.

9           f.      In May of 2015, Defendant Epic Rights, Inc. announced a

10   partnership with Madonna, Oseary and New Evolution Ventures "to expand

11   the Hard Candy Fitness brand into retail products." Epic's Dan Levin

12   allegedly stated to Billboard.com that "Madonna and Oseary have been 'very

13   involved' in all aspects of the Hard Candy Fitness brand, 'from the creation

14   of the clubs to the design and implementation of all the categories and

15   products.'"

16   88.    In other words, Madonna and Oseary are in direct control of the

17   infringing instrumentality, Hard Candy Fitness, LLC, as well as the means of the

18   infringing marks.

19   89.    As such, the Madonna Defendants are liable for contributory

20   trademark infringement for Hard Candy Fitness, LLC's infringing activity.

21   90.    Hard Candy, LLC has suffered, and will continue to suffer monetary

22   damages, which it is entitled to recover under 15 U.S.C. § 1117(a), including any

23   and all profits Defendants have made as a result of its wrongful conduct, as minimal

24   as they may be.

25   91.    Hard Candy, LLC is also entitled to injunctive relief pursuant to 15

26   U.S.C. § 1116(a), as Hard Candy, LLC has no adequate remedy at law.

27   92.    Hard Candy, LLC is further entitled to recover its attorneys' fees and

28   costs under 15 U.S.C. § 1117.

1   WHEREFORE, Plaintiff requests that this Court enter judgment against

2   Defendants as further set forth in the Prayer for Relief below.

### SEVENTH CAUSE OF ACTION

### VICARIOUS TRADEMARK INFRINGEMENT

(Against Defendants Madonna, MGHCandy, LLC and Oseary)

93.   Hard Candy, LLC realleges and incorporates by reference the allegations of paragraphs 1 through 92, inclusive, as though fully set forth herein.

94.   Hard Candy Fitness, LLC infringed on the Hard Candy Marks by using and/or marketing the use of the *Hard Candy Fitness* mark for various products and services including, but not limited to, apparel, fitness centers, bags, shoes, and DVDs.

95.   Hard Candy Fitness, LLC and Defendant MGH were partners, in which MGH held a 50% ownership interest in Hard Candy Fitness, LLC. Therefore, as 50% owners of Hard Candy Fitness, LLC, the Madonna Defendants had the duty, authority, and right to control the infringing activities of Hard Candy Fitness, LLC.  Despite this, The Madonna Defendants have taken no measures to stop or otherwise prevent the ongoing infringing activities of Hard Candy Fitness, LLC.

96.   The infringing activities of Hard Candy Fitness, LLC have generated significant sums of money for Defendant MGH, and accordingly, for its members Madonna and Oseary.  The Madonna Defendants directly benefitted financially from the partnership between MGH and Hard Candy Fitness, LLC, and from the infringing activities of Hard Candy Fitness, LLC.

97.   As such, the Madonna Defendants are liable for vicarious trademark infringement for Hard Candy Fitness, LLC's infringing activity.

98.   Hard Candy, LLC has suffered, and will continue to suffer monetary damages, which it is entitled to recover under 15 U.S.C. § 1117(a), including any and all profits Defendants have made as a result of its wrongful conduct, as minimal

21

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

1  as they may be.

2      99.    Hard Candy, LLC is also entitled to injunctive relief pursuant to 15

3  U.S.C. § 1116(a), as Hard Candy, LLC has no adequate remedy at law.

4      100.   Hard Candy, LLC is further entitled to recover its attorneys' fees and

5  costs under 15 U.S.C. § 1117.

6      WHEREFORE, Plaintiff requests that this Court enter judgment against

7  Defendants as further set forth in the Prayer for Relief below.

8                        **EIGHTH CAUSE OF ACTION**

9              **DECLARATORY JUDGMENT: INFRINGEMENT**

10                       (Against all Defendants)

11     101.   Hard Candy, LLC realleges and incorporates by reference the

12  allegations of paragraphs 1 through 100, inclusive, as though fully set forth herein.

13     102.   An actual and justiciable controversy currently exists between Plaintiff

14  and Defendants with respect to Defendants' use of the marks *Hard Candy Fitness*

15  and *HC HardCandy Fitness* with respect to fitness centers in the United States.

16     103.   As discussed herein, Defendants have obtained a registration from the

17  PTO for the mark *HC Hard Candy Fitness* for "Health club services, namely

18  providing instruction and equipment in the field of physical exercise for health and

19  physical fitness purposes; instruction in the field of health and physical fitness."

20     104.   Additionally Defendants have filed a Statement of Use for the mark

21  *Hard Candy Fitness* in the area of "Health club services, namely providing

22  instruction and equipment in the field of physical exercise for health and physical

23  fitness purposes; instruction in the field of health and physical fitness."

24     105.   Defendants' marks *Hard Candy Fitness* and *HC HardCandy Fitness*

25  are essentially identical to Plaintiff's *Hard Candy* Marks.  The addition of the

26  generic elements "Fitness" does not change the fact that the dominant part of the

27  marks is identical:  *Hard Candy*.

28     106.   Use of these infringing marks by Defendants with respect to fitness

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

centers and/or apparel, in the United States by Defendants is likely to cause confusion, mistake, or deception as to their source, affiliation, origin connection, association, or sponsorship.

107.   Further, Defendants intended advertising, press campaign, and use of the infringing mark with respect to fitness centers in the United States is likely to lead the buying public to conclude, incorrectly, that the fitness centers originate with, are authorized by, or are associated with Plaintiff's *Hard Candy* brand, which Plaintiff has been building since 1995.

108.   As detailed above, Plaintiff has various *Hard Candy* Marks registered with the PTO and has used the *Hard Candy* Marks in commerce in fashion, apparel, athletic apparel, eyeglasses, online retail, and more.  The *Hard Candy* branded goods are related and complimentary to the services provided by fitness centers.  As such, fitness centers are within the reasonable zone of expansion and it is likely that Plaintiff will bridge the gap into the market of fitness centers.  This is evidenced by the fact that Defendants seek to bridge the gap between fitness centers and apparel.

109.   Accordingly, Defendants' intended use of the marks *Hard Candy Fitness* and *HC HardCandy Fitness* with respect to fitness centers in the United Stated constitutes trademark infringement.

110.   Thus, pursuant to 28 U.S.C. §§ 2201, 2202, Plaintiff seeks a judicial determination that Defendants intended use of the mark *Hard Candy Fitness* and *HC Hard Candy Fitness* in relation to fitness centers in the United States infringes on Plaintiff's *Hard Candy* Marks.  A judicial determination is necessary at this time so the parties' dispute may be resolved and that the parties may be aware of their respective rights and duties.

WHEREFORE, Plaintiff Hard Candy, LLC, hereby seeks a declaration, pursuant to 28 U.S.C. §§ 2201, 2202, that Defendants' use of the marks *Hard Candy Fitness* and *HC HardCandy Fitness* constitute trademark infringement, and such other relief as the Court deems just and proper, as further set forth in the

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

1   Prayer for Relief below.

**PRAYER FOR RELIEF**

3      WHEREFORE, Hard Candy, LLC prays that this Court grant it the following

4   relief:

    A.   A Judgment that Hard Candy, LLC's trademarks have been infringed by Defendants in violation of Hard Candy, LLC's rights under 15 U.S.C. §1114.

    B.   A judgment that Defendants have competed unfairly with HARD CANDY, LLC in violation of Hard Candy, LLC's rights under 15 U.S.C. § 1125(a).

    C.   A judgment that Defendants' activities are likely to, or have, diluted Hard Candy, LLC's *Hard Candy* Marks in violation of Hard Candy, LLC's rights under 15 U.S.C. § 1125(c).

    D.   A judgment that Defendants, and each of their agents, employees, attorneys, successors, assigns, affiliates and joint venturers, and any person(s) in active concert or participation with him, be enjoined and restrained from:

      1.  Advertising, promoting, selling, offering for sale, or distributing any services or products that use any words or symbols that so resemble the *Hard Candy* Marks – including but not limited to *Hard Candy Fitness, HC HardCandy Fitness*, and *Addicted to Sweat* mark – as to be likely to cause confusion, mistake or deception;

      2.  Using any word, term, name, symbol, device or combination thereof which causes or is likely to cause confusion, mistake or deception as to the affiliation or association of Defendant or its services Hard Candy, LLC, with the *Hard Candy* Marks, or as to the origin, affiliation or sponsorship of Defendant's services, or any

24

false or misleading description or representation of fact;

3. Registering any domain name, which includes the *Hard Candy* Marks or which is confusingly similar to the *Hard Candy* Marks;

4. Further infringing the rights of Hard Candy, LLC in and to any of its trademarks or otherwise damaging Hard Candy, LLC's goodwill or business reputation;

5. Otherwise competing unfairly with Hard Candy, LLC in any manner; and,

6. Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint.

E.    A judgment declaring that Defendants' use of the marks *Hard Candy Fitness* and/or *HC HardCandy Fitness* constitutes trademark infringement.

F.    A judgment cancelling Defendants' registration no. 4081085.

G.    A judgment requiring Defendants to transfer the registration of its www.hardcandyfitness.com domain name to Plaintiff.

H.    A judgment requiring Defendants, within thirty (30) days after service of the Judgment demanded herein, to destroy all advertisements and marketing materials containing infringing materials.

I.    A judgment requiring Defendants, within thirty (30) days after service of the Judgment demanded herein, to file with this Court and serve upon Hard Candy, LLC's counsel a written report under oath setting forth in detail the manner in which Defendants have complied with the Judgment.

J.    A judgment ordering that Defendants hold in trust, as constructive trustee for the benefit of Hard Candy, LLC, its profits obtained from the infringement of Hard Candy, LLC's *Hard Candy* Marks.

25

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

K.  A judgment ordering Defendants to provide Hard Candy, LLC with a full and complete accounting of all amounts due and owing to Hard Candy, LLC as a result of Defendants' infringing activities.

L.  A judgment that Hard Candy, LLC recover from Defendants damages in an amount to be proven at trial, including general, special, actual, and statutory damages.  Pursuant to 15 U.S.C. § 1117, the amounts should include Hard Candy, LLC's damages and Defendants' profits, if any, trebled pursuant to 15 U.S.C. § 1117(b), or alternatively, enhanced statutory damages pursuant to 15 U.S.C. § 1117(c)(2), for Defendants' willful violations of the *Hard Candy* Marks, and damages under common law.

M.  A judgment ordering Defendants to pay Hard Candy, LLC's reasonable attorneys' fees and costs.

N.  A judgment that Defendants be required to pay Hard Candy, LLC punitive damages for Defendants' oppression, fraud, malice and intentional misconduct.

O.  A judgment for all such other relief as this Court deems just and proper.

Dated:  June 19, 2015                    **BARNES & THORNBURG LLP**


By: /s/ Stephen R. Mick
    Stephen R. Mick
    Sarah E. Johnston
    Attorneys for Plaintiff
    HARD CANDY, LLC

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated:    June 19, 2015                **BARNES & THORNBURG LLP**

By: /s/ Stephen R. Mick
        Stephen R. Mick
        Sarah E. Johnston
        Attorneys for Plaintiff
        HARD CANDY, LLC